A. A. BEALL, plaintiff in error, vs. THE MARIETTA PAPER MILL COMPANY, defendant in error.

BY TWO JUDGES.—1. When in a proceeding to foreclose a mortgage the defendants' plea was defective, and he was allowed until the next day to perfect it, and on the calling of the case the next day, further time was asked for to perfect the plea on the ground that one of the counsel, who was also interested as a party, and who alone knew the facts sufficiently to make the amendment, had, that morning, been granted leave of absence by the Judge for the day, and the Court refused to give the time, and allowed the rule to be made absolute, and a motion was made to set aside the judgment:

*Held,* That the motion to set aside, which was heard and determined by a different Judge, ought not to have been granted without a distinct statement, supported by affidavit, setting forth a substantial defense and showing affirmatively that the defendant had been injured by the absence of his counsel.

2. *Held, also,* That, as there is nothing in the motion to set aside the judgment, or in fact before the Judge on the hearing of the same, to show affirmatively that, if a new trial was had, the defendant could show any substantial defense, it was error in the Court to grant the motion. 13th February, 1872.

New trial. Absence of counsel. Before Judge PARROTT. Cobb Superior Court. October Term, 1871.

At October Term, 1869, of said Court a rule *nisi* was granted in favor of Beall for foreclosure of his mortgage against the Marietta Paper Mill Company, a corporation. Defendant, by its agent, Hammett, pleaded that it was entitled to a deduction on said mortgage, " amounting to $1,000 or more, in specie, but the exact amount of which he does not know, because it is based upon facts exclusively within the control of plaintiff; " for that on the ......... day of ........., 186.., John T. Burkhalter, the then agent of said company, entered into a contract with said plaintiff, by which he " consigned to plaintiff ........ bales of cotton, with the express understanding and agreement that said plaintiff was to have said cotton shipped to Liverpool, England, and sold, and that plaintiff should receive therefor the

usual commissions charged by forwarding and commission merchants; but, in violation of said contract, plaintiff shipped said cotton to New York to .........., and through them to Liverpool, at a largely increased cost to said defendant, the said ......... having exacted and received their commissions, etc., as though they had been the original factor of said company, while, at the same time, plaintiff charged and received full commissions for shipping and selling said cotton, thus doubling the expense," etc. This plea was signed by Lester & Thomson and J. R. Brown, defendant's attorneys. On the 4th of October, 1870, this plea was stricken, on demurrer, for uncertainty, and a rule absolute was asked for. A day was given to defendant to amend. On the next day, no amendment having been filed, the Court allowed a rule absolute to be taken. On the 7th of October, 1870, William R. Phillips made affidavit that he was the leading counsel, for defendant, in said cause; that the preparation of the cause had been entrusted to him by Faw, agent; that he directed the filing of said plea, but was unable to get the statement of account upon which said note and mortgage were given, which statement had been in the hands of one Robert, the company's agent, though diligent effort was made to get it; that he had not notified plaintiff to produce a copy of it, because plaintiff's interrogatories had been sued out by plaintiff, and crossed particularly by defendant, to which plaintiff was required to attach such copy; and that he expected to show, by plaintiff's evidence, the overcharges in commissions and the amount due the company for exchange not allowed in said settlement; that said note was largely increased by usurious rates of interest in renewing the same, but he (defendant) " did not then or now propose to claim any deduction for this interest, except as it was founded on a sum not due plaintiff;" that without this statement he could not fill the blanks in said plea, and " he hoped to show," on the trial, that defendant was entitled to a credit by reason of the facts, but for how much he could

not say; that plaintiff's interrogatories did not come in till Monday; that on Tuesday he was, by Judge Knight's consent, engaged in an important cause for the government, which prevented his amending the plea; that the next day he had leave of absence from said Court, and felt assured the cause would not be tried.

J. R. Brown stated, in his place, that said rule absolute was opposed because Phillips was leading counsel in said cause and a large stockholder in said company; that he and Lester & Thomson brought this fact to the notice of the Court, admitted that the plea was defective, but said that they could not amend it without Phillip's presence, and could not go to trial safely in his absence; that Phillips said there was a good defense to said cause, and he (Brown) believed it was so; that Phillips had gone to Atlanta to represent the United States against parties charged with stealing some of the government's money at Marietta, under a leave of absence, and with the assurance that his causes would not be tried that day; and yet the Court allowed the rule absolute to be taken.

Faw stated that he knew not the facts necessary to amend the plea, and that the preparation of the cause had been entrusted to Phillips. Thomson stated, in his place, that Phillips was present when he made out the plea, and that said blanks were left for want of the papers by which to fill them.

Upon these facts, the Court, in the absence of plaintiff and his counsel, granted a rule *nisi*, calling on plaintiff to shew cause why a new trial should not be granted.

In answer to this rule, defendant said as follows: At the regular judgment term the cause was continued, because Phillips had leave of absence, though no plea was then filed. When the plea was demurred to, Phillips was present, and asked time to amend it, and the Court gave him till ten o'clock A. M. the next day. When the cause was called next morning, Colonel Brown said, Phillips was a large stockholder, was absent by leave, and he alone knew the facts by

which to plead.  Brown added that Phillips was leading counsel for defendant.  The Judge replied, that his name was not marked upon the docket, nor signed to said plea, and that the leave of absence was not intended to cover this cause.  Plaintiff's counsel said if defendant's counsel would state in their places that they believed there was any defense, he would let the case go by.  Lester & Thomson, who filed this plea, would not so state, and Brown said only that he believed there was a defense because Phillips had said so.  Thereupon the Court allowed the rule absolute to be taken.

Subsequently said rule *nisi* to set the judgment aside was taken.  It was not served upon defendant's counsel; the Clerk says he mailed them a copy, but they did not get it.  Hearing that something existed which prevented the proceeding of the *fi. fa.*, plaintiff's counsel went to the Court, in April, 1871, and there found this motion.  By consent, an order was taken to hear said motion in vacation, Phillips and Lester being then and there notified that as yet no defense had been filed and no ground for a defense shown in said motion, and it was put in the order that they might amend, and that plaintiff might insist upon a want of service in said cause, notwithstanding this consent.

In August, 1871, at Chambers, the parties met and Judge Knight, before whom all the foregoing proceedings were had, postponed the hearing till Term time.  At the Term, Judge Parrott presided.  On the hearing before him, plaintiff's counsel read said papers and the said answers of plaintiff to interrogatories.  Of them it is sufficient to say that they were in Court and opened when the plea was demurred to as aforesaid; they had attached to them a copy of the account which was rendered to Robert, agent of defendant, all defendant's cor-correspondence touching said cotton and an absolute denial of any and everything giving color to said stricken plea, *i. e.*, they stated that the cotton was never sent to New York, and no double commissions had been charged.  From them it appeared

that some usury had been added on the various renewals of the notes, but it was not clear whether this was in the renewals to Beall or to the bank, where they had gotten money with Beall as their indorser.  Beall had had to take up the company's note in bank, and they gave this note and mortgage to cover his payment to the bank, and from time to time renewed Beall's note also.  After argument had, the Court granted a new trial.  And upon a motion to continue the cause by defendant, it was continued.  The grant of a new trial is assigned as error.

A. W. HAMMOND & SON, for plaintiff in error.  As to service of rule: Revised Code, section 3673; 21st Ga. R., 216; 13th, 204.  Continuance for absence of counsel: Revised Code, section 3474; 10 Ga. R., 87; 16th, 526; 18th, 388; 31st, 46.  New trial not granted unless it *appears* that there is a probability of different result.

LESTER & THOMSON, for defendant.

McCAY, Judge.

We recognize fully the rule that the act of the Court ought not to injure any one.  And did it appear to us that the defendant had been damaged by the refusal of the Court to recognize the leave of absence of Mr. Phillips, however unjust such a leave might have been to the plaintiff, we should affirm this judgment, setting aside the rule absolute.  But it is not clear to us that Judge Knight was not in the right in refusing to delay the case for the absence of Mr. Phillips.

When the case was called, the day before, the plea was stricken out, because the sum claimed to be abated from the note was left blank, so that there was in fact no plea.  The defendants was given until next day to perfect the plea from the interrogatories of the plaintiff then in Court.  That Mr. Phillips got leave of absence next day, was no excuse for not perfecting his plea.  It might easily have been done

Beall *vs.* The Marietta Paper Mill Company.

on the day the case was first called; it might have been done that night. The thing to be done was office work, the examination of the plaintiff's interrogatories, and from them perfecting the plea. A leave of absence of an attorney from the Court-house, on agreement that his cases shall not be tried, is strained very far when it is used to pass cases when there is no plea. Had Mr. Phillips perfected this plea, and thus had an issue before the Court, his rights to have the case passed would have been very clear. But we can well see how Judge Knight may have felt that his leave of absence could not fully excuse the failure to perfect the plea which might well have been done notwithstanding the leave.

But, as appears from the record, there is *yet no statement under oath of a substantial defense.* The claim of an abatement of the plaintiff's demand is still only insisted on in a loose, indefinite way. No specification is made and definite amount fixed.

Mr. Phillips is dependent on the plaintiff's answer for his defense. That he admits, and yet, having it before him, he fails even yet to point out in what respects and to what amount the note exceeds the proper indebtedness.

As appears to us the plaintiff's answers show the note to be right, and that, in the two respects mentioned in the plea, to-wit: the commissions and the exchange, there is no error. Nothing is set forth in the motion in denial of the plaintiff's answers, nor does it appear at all that, if Mr. Phillips had been present, it would have been possible for him to perfect the plea so as to set out a substantial defense.

It would be grossly unjust to the plaintiff to delay him in the mere abstract proposition that Judge Knight had given Mr. Phillips leave of absence, and then went on with this case in spite of the leave. It ought to appear, in some satisfactory way, that a wrong has been done; that Mr. Phillips, if present, could have helped the defendant's case. This is not the absence of an attorney at the trial, when the loss of his skill and learning is manifest. The damage here is, that

Mr. Phillips, in consequence of this leave, failed to amend and perfect the plea. Could he have so done if present?

We think this ought to have appeared in the motion—such facts of defense as made a good plea ought to have been stated and sworn to—plenty of time was given for this; a special consent that the motion might be amended was entered into. Yet still, no definite, distinct facts are set up; and if the plaintiff's answers are true, it would appear that no such defense can be set up. It is true, that it is apparent that a part of this note is for interest at more than seven per cent. But even in the stricken plea no defense of usury is set up, nor is there in any of the motions any claim to put the defense on this ground.

In our judgment, therefore, Judge Parrott erred in setting aside the judgment, for the simple reason that it is not made to appear that the plea *can* be truthfully amended so as to present a substantial defense.

Judgment reversed.