## GOODRICH v. HANDY.

Where, at the first call of the dockets of the city court of Atlanta for setting cases for the two divisions of that court, there was much confusion in arranging the business, and the counsel for the defendant in the given case understood that his case was set down as the second on the trial calendar for the following Tuesday, whereas it was in fact set down as the second for trial on Monday but was not disposed of until Tuesday when, in the absence of defendant's counsel, a formal verdict was signed at the instance of plaintiff's counsel whilst the first case on the calendar for that day was in process of trial, and defendant's counsel, before the trial then in progress was concluded, appeared and discovering what had been done called the attention of the court to the misunderstanding and immediately proceeded to have the necessary papers prepared to set aside the verdict, this being done before the verdict was entered on the minutes, and the application being supported by an affidavit of merits as to a substantial defence and by other affidavits showing the misunderstanding and the circumstances under which it occurred, there was no abuse of discretion in setting aside the verdict at the same term of the court and reinstating the case, notwithstanding no plea to the action had been filed, the suit being upon an open account, the names of counsel for defendant having been regularly marked on the docket and they having answered to the case at the appearance term, which the code, §3458, makes equivalent to filing a plea of the general issue.                     *Judgment affirmed.*
October 14, 1892.

Before Judge WESTMORELAND. City court of Atlanta. December term, 1892.

The head-note sufficiently states the facts.

THOMAS W. LATHAM, for plaintiff.
CALHOUN, KING & SPALDING, for defendant.