*C. B. Reynolds*, contra.

---

## HARRISON *et al. v.* TATE *et al.*

*Atkinson, J.*—The discretion of the trial judge in reinstating at the same term of its dismissal a case which had been dismissed because of a want of prosecution will not be controlled, unless it has been manifestly abused. Under the facts of the present case, the discretion of the court was not improperly exercised.

*Judgment affirmed. All the Justices concurring.*

Argued January 7,—Decided January 21, 1897.

Motion to reinstate. Before Judge Berry. City court of Atlanta. January term, 1896.

Two cases at a regular bar meeting were regularly called and assigned for trial for Friday, January 24, 1896, in the second division of the city court of Atlanta. On that day the cases were regularly reached in their order for trial, were regularly called for trial, and, there being no appearance for the plaintiffs, were dismissed for want of prosecution. On the same day the plaintiffs moved to reinstate the cases on the grounds, that when they were sounded for trial one of the plaintiffs' attorneys was actually engaged in the trial of a case in the first division of the city court; that another of plaintiffs' attorneys was actually present in the superior court of Fulton county, said firm of attorneys having a case in said court and about to be reached, and also was there for the purpose of attending the call of the court's motion docket; and that the third member of said firm of attorneys had an agreement with defendants' attorneys, that said cases were not to be tried that day if reached, but should be assigned for trial during the coming week, and Mr. F. C. Tate notified. To this motion defendants demurred on the

ground that, taking all of its allegations as true, it presented no legal or sufficient reason why the cases should be reinstated. It is one of the rules of said city court, that cases, after being regularly called and assigned for trial, cannot be checked by consent of counsel. The demurrer was overruled, and the cases reinstated. Defendants excepted.

*Harrison & Peeples*, for plaintiffs in error.
*Anderson, Felder & Davis*, contra.