## MOORE *v.* KELLY & JONES COMPANY.

1. When it is in a bill of exceptions recited that the same was tendered within the time prescribed by law, the writ of error will not be dismissed because of the failure of the presiding judge to certify the same within the statutory period, unless it be made to appear that his failure to do so was caused by some act of the plaintiff in error, or his counsel.

2. While a motion to set aside a judgment is addressed to the sound discretion of the judge, it should not, although made during the term at which the judgment was rendered, be granted unless some meritorious reason be given therefor. The failure of the defendant to appear and plead, in consequence of a misunderstanding between it and its counsel, affords no such reason.

Argued December 16, 1899. — Decided January 31, 1900.

Motion to set aside judgment. Before Judge Reid. City court of Atlanta. January term, 1899.

*Culberson & Willingham*, for plaintiff.
*C. D. Maddox*, for defendant.

LITTLE, J. Moore sued out an attachment against the Kelly & Jones Company on the 4th day of October, 1898, returnable to the November term, 1899, of the city court of Atlanta, on the ground of the non-residence of said company. A summons of garnishment was duly issued and served on the Hunnicutt & Bellingrath Company. On November 1st thereafter, the defendant in attachment dissolved the garnishment by giving bond and security as provided by the code, and name of counsel was marked on the docket of the city court as representing the defendant in attachment. The declaration was duly filed. At the January term, 1899, of said court, cases on the appearance docket were called, and, among others, that of Moore against the Kelly & Jones Company. No anwer or plea had been filed, and it was marked in default. On the 5th day of January of the term, the case was called for trial, and the plaintiff submitted evidence making the necessary proof to sustain his case. No defense being made, a verdict was rendered for the plaintiff, under the direction of the court, for the sum of $600 principal, besides interest, against both the defendant and the sureties on his bond dissolving the garnishment. Judgment followed accordingly. Prior to the rendition of the judgment, the garnishees made answer, admitted indebtedness in the sum of $429.63, which was adjudicated as subject to the garnishment. During the term at which the judgment was rendered against the defendant and its sureties, the defendant came and filed a written motion to set aside the judgment, one of the several grounds being that the petition in the original case did not set out any cause of action, nor did it show any valid agreement between the parties under which the plaintiff was entitled to have any recovery; and because there was an agreement between the parties in writing and the writing was kept *concealed* and not exhibited to the court and jury trying the case; and by so doing the plaintiff made it appear that he had a just cause,

when in fact he had no right of recovery; and that the with-
holding of this contract operated as a fraud and enabled the
plaintiff to get an unjust verdict and judgment against the de-
fendant, etc.    It was further alleged that the defendant in-
tended to file its defense at a proper time, and an officer of the
company came to Atlanta for that purpose, and, while there,
the garnishment was dissolved, but, owing to a misunderstand-
ing between the company's officer and counsel, the defense was
unintentionally omitted to be filed.    Movant then alleged vari-
ous reasons why the plaintiff was not entitled to have a judg-
ment against it, and made a recital of facts tending to show a
meritorious defense to the action.    On the hearing the judge
sustained the motion and passed an order vacating and setting
aside the verdict and judgment, on condition that the defend-
ant pay the cost and give bond in the sum of $1,500.00, obli-
gating itself to pay to the plaintiff whatever final judgment
might be rendered against it in the case.    To this order and
judgment the plaintiff in error excepted.

1. On the call of the case in this court, a motion was made
by counsel for defendant to dismiss the writ of error, because
the bill of exceptions was not signed and certified within thirty
days from the adjournment of the court at which the decision
excepted to was made, nor within thirty days from the date of
that decision; and because the plaintiff had incorporated in the
bill of exceptions immaterial and cumbersome matters; and
because the bill of exceptions does not specify plainly any al-
leged error, and is not made returnable to any particular term
of this court.    The motion to dismiss must be overruled on all
the grounds.    By the act of 1896 it is provided, that no bill of
exceptions in the Supreme Court shall be dismissed upon the
ground that the same was not certified by the judge in the time
now required by law for tendering and signing bills of excep-
tions; but, if it appears that the same was tendered to the
judge within the time required, a failure on his part to sign the
same within the prescribed time shall be no cause for dismissal,
unless the failure to sign and certify is caused by some act of
the plaintiff in error, or his counsel.    Acts 1896, p. 45.    It is
recited in the bill of exceptions, which was duly approved by

the presiding judge, that the plaintiff in error came within the time allowed by law, and presented his bill of exceptions, and as it does not appear that the failure to sign and certify within the statutory limit was caused by the plaintiff in error, or his counsel, the writ of error can not be dismissed on this ground. An inspection of the bill of exceptions shows that it is not amenable to either of the other grounds on which the motion to dismiss is predicated.

2. We think that the court erred in vacating and setting aside the judgment, although the motion was made at the term at which the judgment was rendered. Motions of this character are addressed to the sound discretion of the court, and, as a general rule, this court will not interfere with the exercise of that discretion, and not at all unless it is abused. *Lambert* v. *Smith*, 57 *Ga.* 25. In order, however, to justify the proper exercise of this discretion and to set aside a verdict and judgment rendered in the due form of law, after service and an opportunity to plead, there must be some other cause than the mere laches of the defendant. In this case, although the plaintiff commenced by attachment against a non-resident and did not contemplate personal service, all the proceedings in attachment were regular. The defendant in attachment acquired notice of the pendency of the suit, and sent one of its officers to the city of Atlanta where the attachment proceedings were pending, and dissolved the garnishment. The effect of this act was equivalent to a personal service on it, and had the effect of changing, to some extent at least, the character of the original proceedings, as well as the judgment to which the plaintiff was entitled under the original proceedings. Civil Code, § 4718; *Walter* v. *Kierstead*, 74 *Ga.* 25; *Buice* v. *Mining Co.*, 64 *Ga.* 769; *Phillips* v. *Collier*, 87 *Ga.* 66. Notwithstanding the notice which the defendant received, and acted on by marking the name of its counsel on the docket and dissolving the garnishment, it suffered the case to be in default, and the plaintiff was entitled, under these circumstances, to a verdict at the trial term, on proper presentation of evidence which authorized a finding in his favor. Civil Code, § 5071; *Stephens* v. *Gate City Gas Co.*, 81 *Ga.* 150.

It appears that evidence of the legality of the claim on which

the suit was founded was presented to the court, in a sufficient manner to authorize the presiding judge to direct a verdict in favor of the plaintiff. Several of the grounds of the motion contest the legality of that verdict, and present reasons why, if the defendant had duly presented its case, the verdict might have been different. The fact that there was a written contract between the parties, which settled their rights, was a fact known before the trial to defendant; and if the paper afforded any defense to the action, the defendant could have availed itself of it at the proper time, but that it could have done so affords no legal ground; after the rendition of the verdict and judgment, to require that these proceedings be set aside. That defendant could have presented evidence which was not submitted, but which, if submitted, would have defeated the claim of the plaintiff, does not entitle it to reopen the proceedings. The facts set out in the motion are not sufficient to authorize the judgment to be set aside for fraud. The plaintiff duly and legally instituted his case and followed it up in the manner prescribed by law. The defendant had notice. When the case was in order for trial, the plaintiff presented his claim with evidence sufficient to sustain it; and if the defendant desired to contest his right, or to impeach his evidence, then was the time for it to have done so. That it did not do so on account of a misunderstanding between client and counsel is unfortunate, but the fact presents no legal reason why the plaintiff, who acted but in the exercise of his right, should have the legal results of his suit set aside and again enter the field of litigation. It is our opinion that the court erred in vacating and setting aside the judgment. *Judgment reversed. All the Justices concurring.*