KELLAM *v.* TODD *et al.*

114   981
115   299
114   981
116   419

1. Though a motion to set aside a judgment, in a case of the nature below indicated, is one addressed to the sound discretion of the court, such a motion should not be granted unless founded upon a meritorious reason.

2. The fact that a defendant, whose case had been set for trial on a day certain, was not then present in court, in person or by counsel, because of a misleading statement published in a newspaper, to the effect that the hearing of the case had been postponed, does not constitute such a reason, when the plaintiff was in no way responsible for such publication.

Argued February 20, — Decided March 12, 1902.

Motion to set aside judgment.    Before Judge Calhoun.    City court of Atlanta.    June 1, 1901.

*James K. Hines,* for plaintiff.    *Thomas L. Bishop,* for defendants.

FISH, J.    This record shows that on the preceding Friday the case of H. A. Kellam *v.* J. C. Todd and M. C. Akin, in the city court of Atlanta, was regularly assigned to be tried on December 20, 1900; that it was entered on the board in the court-room as set for trial on that date, and was never marked " checked;" that the case was duly called in its order on the day it was assigned for trial, and was then tried and verdict and judgment rendered for the plaintiff, neither the defendants nor their counsel being present.    On January 11, 1901, the defendants moved to set aside the verdict and judgment and to have the case reinstated; the only grounds of the motion insisted on being: " 2. That on the morning of December 20, 1900, the Daily Report, a sheet published for the information of lawyers having cases in the courts, published a statement that the case against your petitioners was checked for the week.    3. Your petitioners further show that they were in the city and ready for trial, and were misled by the publication in the said Report, the official organ of the courts of Fulton county, Georgia.    4. That they bona fide believe that they have a good defense to said suit."    The · motion was granted, the verdict and judgment set aside, and the case reinstated; to which ruling the plaintiff, Kellam, excepted. In passing upon the motion, the court seems to have had before it only the motion itself and the answer thereto, both of which were verified.    It does not appear from the record that the motion was made during the term at which the verdict and judgment were rendered, nor that the defendants had any meritorious defense to the action. No such points, however, were made by counsel for plaintiffs in error.    Assuming, however, that the motion was timely made and that the defendants had filed a meritorious defense, the question to be decided is, did the court abuse its discretion in granting the motion ? While it is true that motions of this character are addressed to the sound judicial discretion of the court, yet it is equally true that they should not be granted unless founded upon a meritorious reason, and the mere laches of the party against whom the judgment has been rendered will not be considered a sufficient cause.    *Moore* v. *Kelly,* 109 *Ga.* 798 (2).    The only reason assigned by the defend-

ants in the present case why they were not present when it was tried was, that they were misled by a publication in the "Daily Report," a paper published for the information of lawyers having cases in the courts, to the effect that the case had been "checked" for the week.    While the motion. characterizes the "Daily Report" as "the official organ of the courts of Fulton county, Georgia," we know of no law which authorizes any court of this State to have an official organ, and the paper must be considered as an ordinary newspaper. It was not contended that the plaintiff or his counsel was in any way responsible for such publication.    It does not appear that the defendants, or their counsel, made any effort to ascertain the correctness of the published statement.    The least diligence in this direction would have developed the fact that the case had not been "checked," but was standing open on the board in the court-room. It was held in *Massey* v. *Allen,* 48 *Ga.* 21: "Where the ground upon which a motion for new trial was based was that the defendant was absent from the court on the day the case was called and tried, because somebody had told him that the presiding judge had given public notice to all parties in cases that were litigated that they need not attend court on that day, it must be made affirmatively to appear from whom the defendant obtained such information, and that such public notice was in fact given."    We must conclude that the motion in the present case was not founded upon a meritorious ground, and that therefore the judge erred in vacating the judgment and reinstating the case.

*Judgment reversed.    All the Justices concurring, except Little, J., absent.*