### 6963. MORRIS FERTILIZER COMPANY *v.* SMITH.

WADE, C. J. 1. Waiving the question whether a judge of the municipal court of Atlanta (established in lieu of justices' courts and being similar to such courts, but possessing more extensive jurisdiction and being a court of record) has authority to set aside a judgment rendered by him (*Doughty* v. *Walker,* 54 *Ga.* 595; *Mills* v. *Bell,* 136 *Ga.* 687 (71 S. E. 1120)), it appears from the record that the motion itself failed to disclose that the plaintiff, against whom judgment was originally rendered on a plea of recoupment, had in fact a meritorious defense against the demand of the defendant which exceeded his own claim by the amount of the judgment.

2. The plaintiff, on the filing of the plea of recoupment by the defendant, denying any indebtedness to the plaintiff and setting up a counterclaim in excess thereof for the amount of the judgment finally returned in favor of the defendant, became as to such counter-demand, a party defendant. The motion to set aside the judgment, resting upon something presented as an excuse by the movant, should set out

a valid and legal defense, and the "*motion itself should disclose the nature and character of the defense relied upon by the movant in the event the judgment was set aside and a trial thereafter had, and it must appear that the defense would in fact be legally a meritorious one. . . The statement of the movant that he had a 'valid defense,' without more, amounts to nothing but a conclusion on his part, upon which the court would be unable to act.*" *Pryor* v. *American Trust &c. Co.,* 15 *Ga. App.* 822, 829 (84 S. E. 312). See also 1 Black on Judgments, § 347, p. 538. The motion in this case did not attempt to deny the justice of the counter-demand interposed by the defendant, and did not even allege that the plaintiff had a meritorious defense to it.

3. For the purposes of this case it is unnecessary to determine whether the motion to set aside the judgment, based on matters not appearing on the face of the record, was incomplete without a brief of evidence (*Georgia Railway & Electric Co.* v. *Hamer,* 1 *Ga. App.* 673 (58 S. E. 54), and cases there cited); nor is it necessary to determine whether the court, if it had authority to set aside judgments, could entertain such a motion after the expiration of the term at which the judgment was rendered.

4. The appellate division of the municipal court of Atlanta erred in overruling the motion for a new trial, made in the proceeding to set aside the judgment. *Judgment reversed.*

DECIDED JULY 6, 1916.

Complaint; from municipal court of Atlanta. May 21, 1915.

*Lovick G. Fortson,* for plaintiff in error.

*J. A. Drake, Lamar Hill,* contra.