8196.  Philip Carey Co. *v.* Sheppard.

Wade, C. J.  1.  The giving of a replevy bond by the defendant in attachment converted the suit from an action in rem to an action in personam, and as completely authorized the rendition of a common-law judgment against the defendant in attachment as if the action had been begun in the usual form, followed by personal service.  Where, by the giving of such a bond, the defendant in attachment effected a general appearance in the suit, even the dismissal of the attachment would not operate to dismiss the suit.  *Cincinnati Ry. Co.* v. *Pless*, 3 *Ga. App.* 400 (60 S. E. 8).  See also *Camp* v. *Cahn*, 53 *Ga.* 558; *Bruce* v. *Conyers*, 54 *Ga.* 678, 680.

2.  By amendment the plaintiff struck the verdict and judgment as against the property levied upon and the surety on the replevy bond; and, conceding that the levy was defective because of insufficient description of the property, or because it failed to allege the ownership thereof in the defendant in attachment, such defects were amendable and could not affect the general verdict and judgment rendered against the defendant alone.  *Askew* v. *Melvin*, 144 *Ga.* 348, 350 (87 S. E. 278).  After judgment the main defendant can not complain that an attachment is void, though the surety on the replevy bond may.  *Planters Bank* v. *Berry*, 91 *Ga.* 264, 266 (18 S. E. 137).  The defendant in attachment having in effect acknowledged service by the giving of the replevy bond, and the verdict and judgment being general only and against the defendant alone, the irregularities complained of furnished no sufficient ground for an affidavit of illegality.

3.  The court properly refused to set aside the judgment, as it did not appear that due diligence was exercised by the movant in ascertaining or seeking to ascertain the status of the attachment proceedings and in making proper defenses thereto.  "The movant must not only show generally and inferentially, but by precise and specific averment, that he has been without fault or has exercised due diligence, or, if negligent, that his negligence was excusable;" and the motion must also set forth fully the facts relied upon to constitute the proposed defense, except in cases where the judgment is absolutely void.  *Pryor* v. *American Trust Co.*, 15 *Ga. App.* 822 (84 S. E. 312).

Judgment affirmed.  George and Luke, JJ., concur.
Decided February 16, 1917.

Motion to set aside judgment; from Calhoun superior court—Judge Cox.  August 21, 1915.

*Henry L. Graves, Clarence J. Taylor,* for plaintiff in error.
*Smith & Miller, Bachman & Simmons,* contra.