### 8935.   JOHNSON *v.* SIKES, administrator.

1. A motion to set aside a verdict and judgment, for a misunderstanding between the movant and his counsel, in consequence of which no defense was interposed against the suit, was not sustainable.
2. An allegation in such motion, that the movant (an administrator) was ready for trial, and ready, "as he believes and avers," to show that the account sued on was not just and the movant's intestate did not owe the whole or any part of it, was not sufficient to indicate a meritorious defense and the nature thereof, but amounted merely to a conclusion of pleading.
3. It was error to overrule the demurrer to the motion.
          DECIDED MARCH 14, 1918.

Motion to set aside judgment; from Worth superior court—Judge Eve.   May 12, 1917.

*Passmore & Forehand,* for plaintiff.

*Perry & Williamson, J. H. Tipton,* for defendant.

WADE, C. J.   1.   The motion to set aside the verdict and judgment in this case is substantially based upon an alleged misunderstanding between the defendant and his counsel, in consequence of which no defense was interposed. "Where a failure to file a defense was due to the gross negligence of the defendant or of his counsel, it is not error to refuse to set aside a default judgment and reinstate a case, even though motion be made at the same term. *Athens Leather Manufacturing Co.* v. *Myers,* 98 *Ga.* 396, 397 (25 S. E. 503). Neither is the failure of a defendant to appear and plead on account of an apparent misunderstanding between himself and his counsel, whereby no appearance whatever was entered, a sufficient ground for setting aside a default judgment. *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (35 S. E. 168)." *Colclough* v. *Walker,* 19 *Ga. App.* 23 (90 S. E. 742).

2.  The motion to set aside alleges that "the petitioner was ready for trial of this case, and was ready, as he believes and avers, to show to the court and jury that the account sued on by the plaintiff was not just, and that the deceased testator did not owe the whole or any part thereof; and the petitioner now stands ready to plead and make defense to the said suit, and will be ready to go to trial instanter upon the call of the case for trial, should trial be allowed." Nowhere is the exact nature of the defense to be interposed set forth or indicated in the motion to set aside the judgment, and not only is no meritorious defense set out in the motion itself, but it is even impossible to determine therefrom how and for what reason the defendant expects "to show to the court and jury that the account sued upon by the plaintiff was not just, and that the deceased testator did not owe the whole or any part thereof." In other words, nothing more than a general assertion, that the defendant "was ready, *as he believes and avers,*" to show that he was not indebted as alleged, appears from the motion itself. Such a motion must show that the movant "has a good and meritorious defense to the action, not merely by so alleging, but by setting forth fully the facts which constitute the proposed defense, except in cases where the judgment is absolutely void, when no defense need be shown." *Pryor* v. *American Trust & Banking Co.,* 15 *Ga. App.* 822 (84 S. E. 312). See also *Henderson* v. *Swift Fertilizer Works,* 16 *Ga. App.* 448 (85 S. E. 613), and cases there cited; *Philip Carey Co.* v. *Sheppard,* 19 *Ga. App.* 368 (3) (91 S. E. 444). The statement of the movant that he had a valid defense, without more, would amount to nothing but a conclusion on his part, upon which the court would be unable to act. *Morris Fertilizer Co.* v. *Smith,* 18 *Ga. App.* 368 (2) (89 S. E. 493).

3.  The judge of the superior court therefore erred in refusing to sustain the demurrer to the motion to set aside the verdict and judgment in this case and in declining to dismiss said motion on demurrer.

*Judgment reversed. Jenkins and Luke, JJ., concur.*