## 11454.   OHLEN v. McCoy.

SMITH, J.   1. This was a statutory motion to set aside a judgment (Civil Code, §§ 4358, 5958); and, it not affirmatively appearing on the face of the motion, or from movant's affidavit (the only evidence offered in support thereof), that it was made during term time, and this being essential to the validity of such a motion, the same should have been dismissed. *Lovett* v. *Vickers,* 24 *Ga. App.* 407 (100 S. E. 755); *Bedgood* v. *Floyd,* 20 *Ga. App.* 617 (93 S. E. 218); *Gillespie* v. *Farkas,* 19 *Ga. App.* 158 (2) (91 S. E. 244); *Malsby* v. *Studstill,* 127 *Ga.* 726, 728 (56 S. E. 988), and cit.

2. "Where parties have a case in court, it is their duty to attend and look after their interests. They cannot remain away without sufficient cause and subsequently have set aside a judgment properly rendered against them, especially where, by the exercise of the least diligence, they could have ascertained the time when the case was set for trial." *Seifert* v. *Holt,* 82 *Ga.* 757 (3) (9 S. E. 843). This is true notwithstanding a motion to set aside a judgment is addressed to the sound legal discretion of the trial judge, since it should not be granted unless some meritorious reason be given therefor. *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (2) (35 S. E. 168); *Ingalls* v. *Lamar,* 115 *Ga.* 296, 299 (41 S. E. 573). The failure of the defendant's counsel to appear and defend the case, solely because he inadvertently, in reading the court calendar, overlooked the case which was printed thereon, affords no such reason. See *Kellam* v. *Todd,* 114 *Ga.* 981 (41 S. E. 39); *Ayer* v. *James,* 120 *Ga.* 578 (48 S. E. 154).

3. While the above deals with the motion as one to set aside a judgment based on a verdict, even if it be treated as a motion to vacate a verdict it was legally insufficient (*Ayer* v. *James,* supra); and the judge erred in sustaining it and reopening the case.

*Judgment reversed. Jenkins, P. J., concurs. Stephens, J., concurs upon the grounds announced in paragraphs 2 and 3.*

DECIDED JULY 19, 1920.

Motion to set aside judgment; from Fulton superior court — Judge Ellis. January 16, 1920.

*A. E. Wilson,* for plaintiff in error.

*Guy Parker,* contra.