### 14827. WING *v.* THE STATE.

BROYLES, C. J. Under the particular facts of the case this court cannot hold as a matter of law that the trial court abused its discretion in setting aside a former judgment of the court ordering a nolle prosequi to an indictment against the defendant.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 14, 1923.

Indictment for seduction; from Toombs superior court—Judge Hardeman. May 29, 1923.

The nolle prosequi was entered in August, 1920. The judge's order (after stating the case) was as follows: "It appearing to the court that the indictment in the above-stated case was lost in the fire in the burning of the court-house of Toombs county, and it further appearing that the defendant is not under bond for his appearance at any term of court, and for other good and sufficient reasons, and by and with the consent of associate counsel in said case, the same is, upon motion of the solicitor-general, nolle prosequied." In January, 1923, the solicitor-general made a motion to set aside this order, for the following reasons: The defendant had not been arrested, had not given bond, and was not in court when

the nolle prosequi was allowed and entered, and was a fugitive from justice, and the court did not have jurisdiction of his person. There was no examination of the case in open court before the nolle prosequi was entered. The solicitor-general was the only party who had authority to advise or recommend that a nolle prosequi be allowed, and he had no knowledge of the entering of the nolle prosequi, and no connection with it, and it was, in some way unknown to him, fraudulently obtained. It was not brought to his attention until the first day of the term of court at which this motion was filed. There was no consent to it by associate counsel for the State, or by the prosecutor, or by the female alleged to have been seduced, and they did not know of it until long after the nolle prosequi had been entered. The defendant answered, denying the foregoing allegations, and alleging that the nolle prosequi was prepared and presented to the court by the solicitor-general or associate counsel, and that, as a condition precedent to the signing of the order, the costs of the case were paid to the clerk of the court, and the solicitor-general received his part of the costs.

On the hearing of the motion the prosecutor, the female alleged to have been seduced, and the solicitor-general testified that they did not consent to the entering of a nolle prosequi. The solicitor-general testified that he had no knowledge of the nolle prosequi until "a short time ago;" that on leaving the court at the close of the term he left the collection of costs with the clerk and the sheriff, and after all the fines and costs had been paid they gave him a check for his part, and he did not examine the bills to see what cases the costs had been paid in, and would not know the particular cases. Associate counsel for the prosecution, who had been employed by the prosecutor, testified that he did not know of the nolle prosequi until "a term or two afterwards;" that his partner told him that Mr. Lankford, counsel for the defendant, "dogged after him until he had it to do." The clerk of the court testified that when he made a settlement with the solicitor-general "the solicitor-general received his part of the cost;" he "could not say whether the solicitor-general went over it and knew whether he was getting his part of the cost or not." Mr. Lankford, counsel for defendant, testified that he "did not have anything to do with

nolprossing this bill," and "refused to have anything to do with it." The court set aside the judgment of nolle prosequi, and the defendant excepted.

*Lankford & Rogers, I. H. Corbitt,* for plaintiff in error, cited: Civil Code (1910), §§ 3987-8, 5370, 4032; 128 *Ga.* 358; 19 *Ga. App.* 368 (3), 158.

*Walter F. Grey, solicitor-general, Enoch J. Giles,* contra, cited: 16 Corpus Juris, 437-8; 39 *Ga.* 394, and cit.; Civil Code (1910), §§ 4584, 4629, 5965.