## 15116. TURNER v. CITIZENS BANK OF VALDOSTA.

The judge did not abuse his discretion when he refused to set aside the verdict and reinstate the case.

DECIDED JANUARY 18, 1924. REHEARING DENIED FEBRUARY 25, 1924.

Motion to set aside verdict; from city court of Valdosta—F. S. Harrell, judge pro hac vice. September 28, 1923.

*R. A. Hendricks, T. N. Hendricks,* for plaintiff in error.

*C. L. Smith, E. K. Wilcox,* contra.

BLOODWORTH, J. An action returnable to the July term, 1921, of the city court of Valdosta was brought by the Citizens Bank of Valdosta against Strickland & Turner, a firm composed of A. J. Strickland and A. W. Turner. No defense was filed by Strickland. On July 9, 1921, Turner filed a plea. The case was continued until the July, 1923, term of court, during which and on July 16 a verdict was rendered "against the defendants Strickland and Turner, A. J. Strickland, and A. W. Turner" for the amount of principal, interest, and attorney's fees due on the note. On July 20, 1923, while the July term of court was still in session, counsel for Turner made a motion to "set aside the verdict and reinstate the case," alleging in part that "R. A. Hendricks, of counsel for the defendant, wrote the clerk of this court some three weeks ago for a calendar, and received information that no calendar for the July term would be published and that the old calendar would be used. Upon receipt of this information, counsel for the defendant, R. A. Hendricks, not knowing of the publication of the April calendar, having never received one, when this information was before him turned to the last January, 1923, calendar and marked it July, and

turned to Wednesday's calendar on which this case appeared at the January term, 1923, and marked it July 18th. . . Relying upon information that he had received from the clerk's office and from others, that the January term, 1923, calendar would be used, he notified all his clients and witnesses to appear on Wednesday, July 18th. . . R. A. Hendricks had no reason or excuse for not attending the court, but would have attended the court except for this misleading information. He did not know that this case had been submitted to a jury and a verdict taken until about 9 o'clock Tuesday night. Immediately upon this information and upon the following morning R. A. Hendricks appeared in open court and made orally in court substantially the same motion as dictated now. The defendant A. W. Turner was present in the court on Wednesday morning, the day that this counsel understood that his case was set for trial, and has been continuously in attendance upon the court in its open session ever since, and ready to try the case, and they are now ready to try the case. The defendant states that he has a meritorious defense and will introduce in evidence the defense filed by him, and says that he will be able to sustain it by proof."

Under the facts of this case as shown by the record, the judge did not abuse his discretion when he refused to set aside the verdict and reinstate the case. See *Seifert* v. *Holt,* 82 *Ga.* 757 (3), 762 (9 S. E. 843) ; *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (2) (35 S. E. 168) ; *Kellam* v. *Todd,* 114 *Ga.* 981 (41 S. E. 39) ; *Ohlen* v. *McCoy,* 25 *Ga. App.* 528 (2) (103 S. E. 803) ; *Shore* v. *Brown,* 19 *Ga. App.* 476 (6)˙ (91 S. E. 909) ; *Tennessee Oil &c. Co.* v. *American Art Works,* 10 *Ga. App.* 45 (2) (72 S. E. 517).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*