36794. CAROLINA TREE SERVICE, INC. *v.* CARTLEDGE.

TOWNSEND, J. 1. "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Code § 110-702.

2. "While, under the Code of this State, a judgment can not ordinarily be set aside, except for defects appearing upon the face of the record, there are instances in which motions so designated have been granted where based upon matters not so appearing. Whether such a petition be technically a motion to set aside a judgment, or denominated by other appropriate name under a proper proceeding by petition with rule nisi or process and service thereon, whenever such a petition is predicated upon matters extraneous to the record, it must ordinarily be filed at the term during which the judgment was rendered, inasmuch as such a petition partakes of the nature of a motion for new trial." *Gillespie* v. *Farkas,* 19 *Ga. App.* 158 (1) (91 S. E. 244).

3. A superior court retains plenary control over judgments entered during the term in which they are entered, and in the exercise of a sound discretion may revoke or vacate them, and such discretion will not be interfered with by the appellate courts unless manifestly abused, and it may be applied in reinstating cases dismissed for lack of prosecution (*Harrison* v. *Tate,* 100 *Ga.* 317, 27 S. E. 179; *Burnett* v. *Johnston,* 172 *Ga.* 237, 157 S. E. 645), reinstating cases dismissed on general de-

murrer (*Bowen* v. *Wyeth*, 119 *Ga.* 687, 46 S. E. 823), and reinstating cases in default in which final judgment had been rendered. *Cooley* v. *Tybee Beach Co.*, 99 *Ga.* 290 (25 S. E. 691); *Hunter* v. *Gillespie*, 207 *Ga.* 574 (63 S. E. 2d 404). For good cause shown, a case may even be reinstated after a verdict has been rendered but before it is spread on the minutes. *Goodrich* v. *Handy*, 91 *Ga.* 29 (16 S. E. 108).

4. However, where the term of court has expired, the judgment is res judicata and is no longer in the breast of the court and the court has no authority to vacate or set aside such judgment except for defects appearing on the face of the record. *American Mutual Liability Ins. Co.* v. *Satterfield*, 88 *Ga. App.* 395 (76 S. E. 2d 730).

5. Under statutory authority (Ga. L. 1951, pp. 3345, 3353) the term of court of the Municipal Court of Augusta ends at noon on the fourth Monday of each month, and the next term begins at that time. The motion to set aside the judgment here was filed on February 25, 1957, which was the fourth Monday in February, but whether it was filed before or after noon, and whether to the same or a subsequent term of court, does not appear. While this fact should affirmatively appear from the record in the case, it will be presumed here, in favor of the judgment rendered, that the motion was filed at the same term of court. *Strachan & Co.* v. *Wolfe*, 2 *Ga. App.* 254 (3) (58 S. E. 492).

6. A final judgment based on a jury verdict is not within that class of judgments which may be revised or revoked within term time purely within the discretion of the court, but such judgments, where the defect does not appear on the face of the record, cannot be set aside without also setting aside the verdict, and a motion to set aside such a judgment is in effect a motion for new trial, subject to the rules governing new trials. *Georgia Ry. &c. Co.* v. *Hamer*, 1 *Ga. App.* 673 (58 S. E. 54), and citations.

7. Where the merits of the case are tried and evidence presented to the judge sitting as a jury and a trior of facts, the rules applicable to cases involving jury verdicts should obtain, since the judge is in fact sitting as a jury on the trial of the case. See *Jones* v. *Garage Equipment Co.*, 16 *Ga. App.* 596, 597 (85 S. E. 940). After such a trial, it is an abuse of discretion for the trial court to set aside the judgment, which in effect

amounts to the grant of a new trial, merely because counsel failed to appear and defend the case when it was called to trial, even though the reason for such nonappearance is that counsel mistakenly thought the case would be checked or had been checked over (*Kellam* v. *Todd*, 114 *Ga.* 981, 41 S. E. 39; *Watts* v. *Jackson*, 22 *Ga. App.* 31, 95 S. E. 324), or because of other duties he overlooked the fact that it had been called for trial (*Ohlen* v. *McCoy*, 25 *Ga. App.* 528, 103 S. E. 803). In the case at bar counsel was presumably aware that the case was scheduled for February 20th and aware that upon notice to the court he had been able to obtain a leave of absence the previous day to try a case in another court, but notwithstanding those facts he failed to ask for a further leave of absence or a continuance of this case, and failed to notify the court on February 20th, that he was being detained by a trial in the superior court. Both the defendant and his counsel allowed the case at issue to proceed to trial without objection. The court heard the testimony of witnesses and entered a final decision on the merits based thereon pursuant to the Act of 1951, supra, which also provides for nonjury trials in civil actions where no jury demand is made. Under such circumstances the granting of the motion to set aside the judgment was an abuse of discretion.

8. However, even if the judgment here should not be considered as coming within that class of cases in which verdicts are involved, the motion to set aside the judgment was inadequate for its purpose in that it fails to disclose that the defendant had any meritorious defense against the plaintiff's action. It was accordingly legally insufficient for its purpose and the grant of the motion constituted reversible error for this reason also. *Beall* v. *Marietta Paper Mill Co.*, 45 *Ga.* 28; *Morris Fertilizer Co.* v. *Smith*, 18 *Ga. App.* 368 (89 S. E. 493); *Johnson* v. *Sikes*, 22 *Ga. App.* 46 (2) (95 S. E. 469).

The trial court erred in overruling the demurrer to the motion to set aside the judgment, and in granting the motion.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JULY 11, 1957.

*Killebrew, McGahee & Plunkett,* for plaintiff in error.
*Leonard M. Tuggle,* contra.

Carolina Tree Service, Inc. filed an action against R. E. Cartledge in the Municipal Court of Augusta on November 19, 1956, based on an open account between the parties. On February 20, 1957, the case came on for trial before the judge without a jury. There was no appearance for the defendant, and the court after hearing evidence entered a judgment for the plaintiff in the principal sum of $425. On February 25 the defendant filed a motion to set aside the judgment based on the following facts established as true upon a hearing of the motion: that defendant's attorney had cases scheduled in both the Municipal Court and the Superior Court of Richmond County on February 19, and obtained a continuance for that day in the Municipal Court; that the superior court case on trial was not completed until February 20, for which reason counsel did not appear when this case was called for trial. An allegation that the defendant was out of the State and did not know of the assignment of the case for trial was unsupported by evidence. Plaintiff filed a general demurrer to the motion to set aside and another pleading designated a motion to overrule the motion to set aside, which set up that defendant's counsel had actual notice that the case would be called for trial on February 20, but this allegation, also, was unsupported by proof. The court overruled plaintiff's demurrer and motion, and entered up judgment granting the motion to set aside the judgment and reinstate the case, to which ruling exception is here taken.