41658. CURTIS et al. v. LINDSEY.

SUBMITTED JANUARY 3, 1966—DECIDED FEBRUARY 16, 1966.

*Wallace & Wallace, Albert B. Wallace, Charles J. Driebe, Greene, Neely, Buckley & De Rieux, James H. Moore, Thomas B. Branch, III,* for appellants.

*Ballard & Thigpen, Hutcheson & Kilpatrick, Lee Hutcheson,* for appellee.

FRANKUM, Judge. On November 6, 1964, the judge of the Superior Court of Clayton County passed the following order in this case: "This case being called in its regular order and there being no response by the plaintiff or defendant, the same is hereby dismissed for want of prosecution." Thereafter, the plaintiff made a written motion, the effect of which was that the case be reinstated. This motion was sworn to by the plaintiff and tendered to the judge who issued a rule nisi thereon on July 2, 1965. No reason was stated in the motion itself or in the plaintiff's affidavit why the motion was not sooner filed, it not even being alleged therein that the plaintiff or his attorneys did not know of the rendition of the judgment of dismissal at the time the order was passed. Since the terms of the Superior Court of Clayton County begin on the first Mondays of February, May, August, and November of each year, it is apparent that the order of dismissal was passed at the November term, 1964, and the motion to reinstate was made at the May term, 1965, two terms after the dismissal.

A motion, the effect of which is to have a case which has been dismissed reinstated, stands upon the same footing, as to diligence in making the same, as an extraordinary motion for a new trial, and where such a motion is made at a term subsequent to that at which the judgment of dismissal was passed, the movant must make a similar showing as to excuses for delay as is required with respect to an extraordinary motion for a new trial. *Austin v. Markham,* 41 Ga. 161 (1); *Watkins v. Brizendine,* 111 Ga. 458 (1) (36 SE 807); *Miraglia v. Bryson,* 152 Ga. 828 (3a) (111 SE 655); *Philip Carey Co. v. Sheppard,* 19 Ga. App. 368 (3) (91 SE 444); *Byers v. Byers,* 41 Ga. App. 671 (2) (154 SE 456). Under these authorities the motion in this case, being entirely silent as to reasons for the delay in filing it, was insufficient to invoke the discretion of the trial judge, if any he had, to set aside his judgment rendered two terms prior to the time the motion was filed, and the order setting aside the judgment of dismissal and reinstating the case was error.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*