42283.   CURTIS et al. v. LINDSEY.

SUBMITTED SEPTEMBER 9, 1966—DECIDED OCTOBER 10, 1966.

*Greene, Neely, Buckley & DeRieux, James H. Moore, Thomas B. Branch, III, Wallace, Wallace & Driebe, Charles J. Driebe,* for appellants.

*Ballard & Thigpen, Hutcheson & Kilpatrick, Lee Hutcheson,* for appellee.

FELTON, Chief Judge. The only substantial additional allegation which the amendment to the original motion contains is that of the taking of the deposition by counsel for both sides after the case had already been dismissed. The fact that coun-

sel for neither side apparently was aware of the order of dismissal could not invalidate the order of dismissal, retroactively or otherwise. Counsel were chargeable with knowledge of all of the developments in the case which they could have ascertained by the exercise of proper diligence, just as in the case of extraordinary motions for new trial. *Curtis v. Lindsey,* 113 Ga. App. 125, 126, supra, and cit.; *Harper v. Mayes,* 210 Ga. 183 (78 SE2d 490); *Philip Carey Co. v. Sheppard,* 19 Ga. App. 368 (91 SE 444); *Watkins v. Brizendine,* 111 Ga. 458 (36 SE 807); *Johnson v. Sikes,* 22 Ga. App. 46 (95 SE 469). Plaintiff's counsel, therefore, is presumed to have had knowledge of the order of dismissal, a .matter of public record in the case, and nothing which occurred subsequently to the order could be considered as misleading. Furthermore, the affidavit of appellee's associate counsel, on file in the trial court and a part of this record, reveals that he was personally in attendance at the November call of the case, at which time he had the opportunity and the duty of answering and ascertaining the disposition of the case.

The amended motion failed to set forth any facts sufficient to authorize the re-instatement of the case; therefore, the court erred in its judgment overruling the general demurrers to the motion as amended.

*Judgment reversed. Frankum and Pannell, JJ., concur.*