25320. BRAGG et al. v. BRAGG.

FRANKUM, Justice. The appeal here is from the judgment of the Superior Court of Screven County dismissing the appeal of the caveators from the judgment of the Court of Ordinary of Screven County admitting to probate the will of I. C. Bragg, deceased. The judgment appealed from was rendered on March 31, 1969. No entry of filing appears thereon, though there is a notation in the margin, presumably made by the clerk of the court of ordinary, that the judgment was entered on the minutes "Book 60, Page 35." The appeal was not filed until Monday, April 7, 1969. In opposition to the motion to dismiss, the caveators submitted the affidavit of H. Lee Moore, the ordinary, and the affidavit of Mrs. W. C. Brinson, the clerk of the Court of Ordinary of Screven County. Those affidavits in substance showed that the judgment appealed from was dated March 31, 1969; that it was not put on the minutes or on the docket of the Court of Ordinary of Screven County on March 31, 1969, but was entered "one or two days after that date." It further appears from the affidavit of the ordinary that a copy of the order was mailed to the attorney for the caveators at his office in Savannah, Georgia, on April 3, 1969, which was a Thursday. The appellant contends that the provisions of the Civil Practice Act apply

and that under the provisions of § 58 (b) of that Act (*Code Ann.* § 81A-158 (b) ), the judgment of the court of ordinary did not become effective for any purpose, including the counting of time within which an appeal therefrom might be taken, until the same was filed with the clerk of the court of ordinary. The question presented to this court by the appeal here is whether it was the intention of the legislature in enacting the Civil Practice Act that the provisions of Section 58, relating to the time when a judgment shall become effective, apply to the time within which an appeal may be taken from a judgment of the court of ordinary. The Civil Practice Act governs the procedure in all courts of record of the State of Georgia in all suits of a civil nature, with the exception stated in § 81 of that Act. Ga. L. 1966, pp. 609, 610 (*Code Ann.* § 81A-101). A court of ordinary is a court of record since it is required to keep fair and regular minutes of its sessions entered in a well bound book; to keep minutes of its proceedings; to keep a docket, and is empowered to punish for contempt. *Code* §§ 24-1804 (7), 24-2109—24-2113. *DeKalb County v. Deason,* 221 Ga. 237, 239 (144 SE2d 446). However, the Act is not applicable to any special statutory proceeding wherein specific rules of practice and procedure in conflict therewith are prescribed. Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241 (*Code Ann.* § 81A-181). While the right of appeal to the superior court from a decision of the court of ordinary is a constitutional right (*Code* § 2-4101), the method and procedure by which that right is exercised is a special statutory proceeding within the meaning of that term as used in § 81 of the Civil Practice Act. See *Scott v. State,* 75 Ga. App. 684, 686 (44 SE2d 391). The procedure for such appeals is prescribed by *Code Ch.* 6-2, which was not specifically or expressly repealed by the Civil Practice Act. See Ga. L. 1966, pp. 609, 687; 1967, pp. 226, 242, et seq. (*Code Ann.* § 81A-201). Section 6-202, which is a part of that chapter, provides that: "All appeals from the courts of ordinary shall be entered within four days from the date of the judgment complained of." Repeals by implication are not favored, and unless the Civil Practice Act is in irreconcilable conflict with the provisions of *Code Ch.* 6-2 relating to appeals from the court of ordinary to the superior court, it will not be construed to have repealed the provisions of the existing law. *Morris v. City Council of Augusta,* 201 Ga. 666, 672 (40 SE2d

710). We do not find any such irreconcilable conflict between the two laws. It follows that the caveators had four days from the date of the judgment complained of to file their appeal to the superior court. March 31, the date of the judgment, was on a Monday and the fourth and final day upon which an appeal could be filed would have been Friday, April 4. It cannot avail the caveators that their counsel resided out of the city wherein the court of ordinary was held and that the ordinary did not notify counsel by mail of the rendition of the judgment against the caveators until two days after the judgment was rendered, so that they did not receive notice of its rendition until the last day upon which an appeal could be taken. It is fundamental that it is the duty of counsel who have cases pending in court to keep themselves informed as to the progress of the cases so that they may take whatever actions may be necessary to protect the interests of their clients. *Seifert v. Holt*, 82 Ga. 757 (3) (9 SE 843); *Moore v. Kelly & Jones Co.*, 109 Ga. 798, 802 (35 SE 168); *Kellam v. Todd*, 114 Ga. 981 (2) (41 SE 39); *Ingalls v. Lamar*, 115 Ga. 296 (2) (41 SE 573); *Ohlen v. McCoy*, 25 Ga. App. 528 (2) (103 SE 803); *Carolina Tree Service v. Cartledge*, 96 Ga. App. 240 (7) (99 SE2d 705). The judge of the superior court did not err in dismissing the appeal.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 15, 1969—DECIDED SEPTEMBER 8, 1969.

*Odom, Odom & Dendy, Florence Hewlett Dendy, Limerick Odom,* for appellants.