## HEATH *vs*. THE STATE OF GEORGIA.

1. The evidence upholds the verdict.
2. A refusal to grant a continuance to obtain evidence which, when obtained, would be immaterial, is no ground for a new trial.
3. Though a word in the charge, when taken alone, may be objectionable, yet if when taken with its context it is clear and substantially correct, its use will not necessitate a new trial.

CRAWFORD, Justice.

(The judge charged that in misdemeanors there are no accessories before the fact as in felonies, but all are equally guilty ; and that every person "concerned" in this transaction is equally guilty. Exception was taken to the use of the word "concerned.")

## CAUTHEN *vs*. THE BARNESVILLE SAVINGS BANK.

1. An affidavit of illegality having been filed by one defendant in *fi. fa.*, and an extraordinary motion for new trial having been made by his co-defendant on grounds involving other facts than those set up in the affidavit, there was no error in refusing to submit the two to a jury together.
2. Where suit was brought on a promissory note, service perfected, and a judgment rendered by default, an extraordinary motion for new trial at a subsequent term of court would not lie for matters which were known to the defendant, and which, if true, should have been set up as matter of defence to the action.
3. Where a defendant delays the collection of a claim by bringing the case to the supreme court, and there is no semblance of merit in the exceptions, this court is bound to presume that the case was brought up for delay only, and to award damages on motion.
(*a*.) That counsel advised his client to except, will not protect him against damages on account thereof.

CRAWFORD, Justice.