### SHERWOOD *v.* MOORE.[1]

#### (*Circuit Court, N. D. Georgia.* February 25, 1888.)

INTEREST—RATE ON PROMISSORY NOTE AFTER MATURITY.

Where a promissory note contains a promise to pay the principal, with interest from date at a conventional rate in excess of that established by law, in the absence of contract such conventional rate will not extend beyond the maturity of the note, unless the terms of the note itself expressly so provide.

*J. D. Conyers* and *Broyles & Johnston*, for defendant.
*Mynatt & Carter*, for plaintiff.

NEWMAN, J. After a verdict had been directed in this case, the question was informally raised and discussed as to the rate of interest the note, which was the foundation of the suit, bore after maturity. The language of the note, after the usual promise to pay the principal, is "with interest from this date at the rate of eight per cent. per annum, payable as per five interest notes hereto attached." The interest notes alluded to covered interest to the maturity of the note. In Georgia, where this note was executed and is payable, the ordinary legal rate of interest is 7 per cent., but a higher rate may be stipulated for by contract in writing, not to exceed 8 per cent. per annum. It may be considered as settled, I think, in the federal courts, controlled as they are by the decisions of the supreme court of the United States, that, if a conventional rate of interest higher than the ordinary legal rate is stated in a promissory note, such higher rate will not be allowed beyond the maturity of the paper, unless the terms of the instrument itself extend it beyond maturity. *Brewster* v. *Wakefield*, 22 How. 118; *Burnhisel* v. *Firman*, 22 Wall. 170; *Holden* v. *Trust Co.*, 100 U. S. 72. There is a qualification, however, to this ruling by the supreme court, namely, that the local law of the state will control. It is claimed by counsel for the plaintiff that the decisions of the supreme court of this state have established a different rule in Georgia, and some decisions have been cited in support of that position. The first case cited is that of *Ware* v. *Bank*, 59 Ga. 840. I have been unable to see anything in that decision controlling here. The only point decided with reference to interest is that the holder of the

---

[1] Reported by W. A. Wimbish, Esq., of the Atlanta bar.

draft in that case could collect the same rate of interest that the acceptor might have collected. Two other cases are cited and relied upon, namely, *Cauthen* v. *Bank*, 68 Ga. 287, and *Daniel* v. *Gibson*, 72 Ga. 367. In both of these cases the note provided for a conventional rate of interest (in the first case 12 per cent, and in the latter case 15 per cent.) after maturity; and the question before the court in both cases was whether the judgment should bear the rate of interest provided in the contract, and it was decided in the affirmative. That is to say, it was held in those two cases that, where the contract provided for a conventional rate of interest after the maturity of the paper, the judgment should bear the same rate. The question here is, where a contract only expressly provides for a conventional rate of interest higher than the ordinary rate to the maturity of the paper, will it be extended by implication beyond its terms? A very different question, I think. Some stress has been laid in argument upon section 2054, Code Ga., the language of which section is, "All judgments in this state bear lawful interest upon amount recovered;" the language of the original act of 1845, (Cobb, Dig. 394,) from which it is said this section was codified in part; and the reasoning of the court in 72 Ga., *supra*, in reference thereto. The point made, in brief, is, under these statutes, that judgments in Georgia bear the contract rate of interest. It is unnecessary, I think, to dispute that. The question here is, what was the rate of interest at the time the judgment was rendered? If, as in the cases in 68 Ga. and 72 Ga., the contract provided for a conventional rate of interest after maturity, it might be very properly held that that meant after maturity and until paid; and that consequently a judgment rendered on such a contract should bear the same rate of interest. No other decision or statute of the state has been cited as affecting this question. I do not think that the decisions or statutes I have mentioned establish any local rule adverse to the recognized doctrine in the courts of the United States. The ordinary legal rate of interest in Georgia is 7 per cent. per annum. The presumption of the law was that this note would be paid at maturity. Such must be held to have been the expectation of the parties. An implication will not arise when, in the absence of evidence, it must be based upon a presumption which does not exist. A contract to pay a higher rate of interest than the ordinary legal rate will not be extended beyond its terms. If it is desired that the indebtedness should bear such higher rate of interest beyond maturity, the contract should provide for it. In my opinion, in this case interest at the rate of 8 per cent. per annum ceased at the maturity of the note. Let judgment be entered for interest in accordance with the foregoing views.