## WATKINS *v.* BRIZENDINE.

1. A motion to reinstate a case, made after the expiration of the term at which the order of dismissal was entered, stands, as to excuses for delay, upon the same footing as an "extraordinary" motion for a new trial.
2. There being in the present case no sufficient excuse for failing to make the motion to reinstate at an earlier term than that which it was filed, the court erred in sustaining it.

Argued June 21, — Decided July 14, 1900.

Motion to reinstate.    Before Judge Callaway.    Columbia superior court.    December 15, 1899.

*E. H. Callaway* and *Lawson & Scales*, for plaintiff in error. *Thomas E. Watson*, contra.

LUMPKIN, P. J.    On January 10, 1896, Mrs. C. R. Crawford, who was then the widow of William P. Crawford, but who afterwards intermarried with one Brizendine, made an application to the superior court of Columbia county for dower.    Commissioners were appointed, who made their return to the March

term, 1896, of that court, at which term Mrs. Sarah Watkins, a creditor of the estate of William P. Crawford, filed a caveat. The presiding judge being disqualified, counsel for the parties entered into a written agreement to try the case before an attorney at law, to be thereafter selected, as judge pro hac vice, the trial to take place in the city of Augusta after three days notice to each of the parties. No attorney to act as such judge was ever agreed upon, and at the September term, 1897, of Columbia superior court, the application for dower was dismissed for want of prosecution. At the March term, 1899, of that court, Mrs. Brizendine filed a motion to reinstate the case, and also a separate motion to set aside the judgment of dismissal. Both motions were, at the following September term, heard and disposed of together by his honor Judge Brinson, who passed an order setting aside the judgment of dismissal and reinstating the case. To this action of the court Mrs. Watkins excepted. A considerable amount of evidence was introduced at the hearing before Judge Brinson. This evidence warranted a finding that Mrs. Brizendine was justified in not appearing at the September term, 1897, for the purpose of giving attention to her case. As a reason for not taking steps at the March term, 1898, to have the same reinstated, she showed that she had, prior to that term, employed Mr. Thomas E. Watson to prepare the necessary motion, and that he was absent therefrom under leave of the court on account of sickness in his family. It further appeared that Mrs. Brizendine was herself present at the September term, 1898, but was too ill to give attention to business. It did not, however, appear whether Mr. Watson was or was not also present at that term, nor is any reason disclosed why he did not then move to reinstate the case. The question is: did the judge err in passing the order of which the plaintiff in error complains?

While, as above stated, two separate and distinct motions were filed, they were in essence the same, and amounted to simply an effort to have the case reinstated. Assuming that up to the September term, 1898, there had been no lack of diligence on the part of Mrs. Brizendine or her counsel, we are constrained to hold that no excuse is shown for failing to move at that term. In *Austin* v. *Markham*, 44 *Ga.* 161, it was distinctly ruled that:

"A motion to reinstate a case, made at a term subsequent to that at which the judgment of dismissal was had, stands on the footing of a motion for a new trial, and requires the same excuse for a delay as is required in motions for new trial after the term has passed." In the opinion Judge McCay said, in effect, that, whether the dismissal was apparently proper or the result of an error of law, "there ought to be the same excuse for delay as is required to excuse delay in a motion for a new trial." Applying the rule laid down in the case cited to that before us, we think it clear that the judge erred in reinstating the case. If the motions made by Mrs. Brizendine stand upon the same footing, relatively to the question of delay, as would an "extraordinary" motion for a new trial, it is obvious that she moved too late. . There is not the semblance of an excuse for failing to present her motions at the September term, 1898. There may be some good reason why Mr. Watson did not do so; but, if so, the record affords not even a hint of it. The fact that Mrs. Brizendine was indisposed at that term does not, of itself alone, justify the action taken by the judge; for it does not appear that her counsel required any assistance from her in preparing a proper motion, or was for any other reason unable, because of her illness, to properly attend to the matter. For aught that the record before us discloses, her motion to reinstate could and ought to have been filed at that term; and if there was any good reason why the same could not then be heard, it would of course have been proper to move to postpone the trial thereon.

*Judgment reversed. All the Justices concurring.*