## CRAWFORD v. WATKINS.

1. Unless it affirmatively appears that an equitable petition was filed within three years from the date of the judgment sought to be reviewed thereby, a demurrer setting up the bar of the statute of limitations must be sustained.
2. A motion to reinstate may be based on facts dehors the record ; and a judgment denying the same is conclusive of all matters pleaded or which could have been pleaded, including any issue of fraud or mistake causing the judgment of dismissal.
3. Where a case has been dismissed, and an order of reinstatement passed, but subsequently reversed by the Supreme Court, proceedings to renew must be brought within six months from the order of dismissal, and not within six months from the judgment reversing the order of reinstatement.
4. Where an application for dower was dismissed, an order of reinstatement granted, and the latter judgment reversed by the Supreme Court, a bill in equity for the appointment of commissioners to assign dower, filed more than seven years after the death of the husband, is barred by the statute.

Argued July 16, — Decided August 14, 1903.

Equitable petition. Before Judge Brinson. Columbia superior court. September 19, 1902.

From the petition it appears, that, on January 10, 1896, the plaintiff, as the widow of William P. Crawford, who died on January 11, 1891, filed an application to the superior court for dower. The return of the commissioners assigning dower to her was made to the March term, 1896, of the court, and at the same term Mrs. Watkins, the defendant, who held a mortgage on the land assigned as dower, filed a traverse to the return, on the ground that the widow had previously had a year's support set apart to her, and was not entitled to dower in the land covered by the mortgage. The presiding judge being disqualified, the parties entered into a written agreement to try the case before an attorney, to be selected thereafter, as judge pro hac vice, but the space left therein for the name of the attorney was never filled, though, at the suggestion of attorneys for the defendant, the plaintiff agreed on a certain attorney to hear the case. This attorney was sick at the time she expected a hearing, " and without any notice to [her] of their intention to abandon the agreement to have a hearing before a judge pro hac vice, or of their intention to press for a dismissal, the said defendant, without any knowledge on the part of the plaintiff and during her absence, at the September term, 1897, of the . . superior court, procured the appointment of " a certain attorney as judge

pro hac vice, and procured him to sign an order dismissing her application for dower, for want of prosecution. The date of the order is not given. Afterwards, at a sale by the administrator of the estate of William P. Crawford, the land mentioned above was bid in by the defendant, who claims title to it free from any dower right of the plaintiff. At the March term, 1899, the plaintiff moved to set aside the order of dismissal and to reinstate the case, and, on December 15, 1899, the court passed an order reinstating the case, to which the defendant excepted; and the Supreme Court reversed the judgment (*Watkins* v. *Brizendine*, 111 *Ga.* 458). Afterwards (October 1, 1900) the present petition was filed. It is contended therein that there was no authority of law for dismissing the application for dower, and that the dismissal was void; that the return of the commissioners established the right to dower, and that the burden of sustaining the objections was on the objecting creditor; that if the plaintiff has no rights under that application, she still has the right to have dower assigned to her; that while more than seven years have elapsed since the death of her husband, her right to dower should not be barred, inasmuch as she applied for it in the seven years allowed her by law, and put the world on notice that she claimed it; and that the dismissal of her petition was " through the undue advantage that was taken of her by the defendant." She prays that her right to dower on the report of the commissioners be established; that, if this can not be done, the case be reinstated; that, if the case can not be reinstated; it be decreed that her right to dower is not barred; and that the court appoint three freeholders to assign dower to her out of the land of which her husband died seized and possessed; and for general relief. The defendant demurred on the grounds, that there is no cause of action, and no equity in the petition; that there is a misjoinder of causes of action; that the plaintiff's right to apply for dower was barred before the filing of the petition; that the judgment dismissing her application for dower is conclusive on her as to her dower rights; and that the question as to her right to have the application reinstated is res judicata. The demurrer was sustained, and the plaintiff excepted.

*John T. West* and *Samuel H. Sibley*, for plaintiff.
*Lawson & Scales* and *E. H. Callaway*, for defendant.

LAMAR, J.  The order dismissing the application for the assignment of dower is not dated except by the entry, " September term, 1897." The court takes judicial cognizance of the fact that the fall term during that year was required to convene September 27, 1897. It can not know how long the session continued, and, in the absence of an averment as to the exact date when the order of dismissal was entered, or an affirmative allegation that the present petition, filed October 1, 1900, was brought within three years from the date of the dismissal, must sustain the demurrer, on the ground that it does not appear to have been filed within the three years period fixed for filing bills of review.  Civil Code, §§ 3770, 4862.  The motion to reinstate was not necessarily confined to facts appearing on the face of the record, but matters dehors the same might have been alleged ; and the judgment of this court (Watkins v. Brizendine, 111 Ga. 458) that the case was improperly reinstated is conclusive upon all matters then alleged, or which could have been alleged, including any question of fraud or mistake causing the order of dismissal.  It is true that after the application had been dismissed the judge of the superior court reinstated the proceeding ; but when that judgment of reinstatement was reversed, it left the order of dismissal of full force and effect, and any proceeding to renew under the Civil Code, §§ 3786, 3787, must necessarily have been brought within six months from the date of that dismissal ; not within six months after the termination of an unsuccessful proceeding seeking to set aside the judgment of dismissal.  Otherwise the period of limitations could be indefinitely prolonged.  An order of dismissal may have remained of force for years.  It would only be necessary to move to reinstate, and, on the failure of such a motion, move within six months to renew. The prayer in the present petition, filed on October 1, 1900, for the appointment of new commissioners to assign dower, can not be granted, for the reason that the husband of the petitioner died on January 11, 1891, more than seven years before the institution of the present proceeding to have dower assigned.  Civil Code, § 4689, par. 4.

　　　　　　　Judgment affirmed.　　By five Justices.