*Slaton & Phillips* and *E. E. Cox,* for defendants.

---

## HARRELL *v.* DAVIS WAGON COMPANY.

ATKINSON, J. The Davis Wagon Company instituted a common-law action
against W. H. and E. I. Harrell, to recover a stated amount alleged to
be due on a promissory note. Each of the defendants was personally
served, and the petition and process were returnable to the May term,
1911, of the superior court. Neither defendant appeared; and at that
term, on the call of the appearance docket, the judge marked the case
in "default." At the same term the judge also entered a final judg-
ment for the plaintiff, and within thirty days thereafter execution issued

and was levied. One of the defendants resisted the enforcement of the execution by affidavit of illegality, attacking the judgment and execution as void on the ground that the judge was without authority of law to render the judgment at the appearance term. By consent of the parties the judge tried the illegality case without the intervention of a jury upon an agreed statement of facts as stated above. A judgment was rendered ordering the dismissal of the illegality and directing the execution to proceed. *Held:*

After entry of default, there being no statute specially authorizing .a final trial at the first term, the judge was without authority of law to enter final judgment at the first term. Civil Code, § 5661; see also *State* v. *Gaskill*, 68 *Ga.* 518. The provisions of the constitution (Civil Code, § 6516), and the rules of court in pursuance thereof (Civil Code, §§ 6295, 6296), for rendition of judgment by the court without a jury in suits on unconditional contracts in writing, when considered in connection with the Civil Code, § 5661, merely authorize judgments in the class of cases mentioned to be rendered by the court without the intervention of a jury, and do not qualify the provisions of § 5661 that the trial shall not be had at the first term. It follows that the judgment and execution based thereon were void. The judgment being void, illegality was a proper remedy to resist the enforcement of the execution. *Parker* v. *Callaway*, 128 *Ga.* 119 (57 S. E. 229); *Hart* v. *Lazaron*, 46 *Ga.* 396; *Lott* v. *Wood*, 135 *Ga.* 821 (70 S. E. 661).

> *Judgment reversed. All the Justices concur.*
> JUNE 13, 1913.

Affidavit of illegality of execution. Before Judge Frank Park. Decatur superior court. July 5, 1912.

*R. G. Hartsfield* and *A. B. Conger,* for plaintiff in error.

*J. C. Hale,* contra.