BELL, administrator, *v.* VERDEL, administrator.

ATKINSON, J. On September 25, 1884, D. B. Verdel filed suit in the superior court, on a promissory note, against J. B. Bell, returnable to the March term, 1885. No service of the petition and process was made on the defendant, but three days after the adjournment of the March term the defendant signed the following: "Due and legal service of the within writ acknowledged. Copy, copy process, and all other or further notice waived." At the next September term (no defense having been filed) judgment was rendered for the plaintiff by default. Execution was issued on October 13, 1885, and thereafter in 1890, 1896, and 1901 the sheriff entered returns of nulla bona on the execution. In 1911 the administrator of Verdel, with the will annexed, filed suit in the superior court to revive the judgment, alleged to have become dormant. The defendant having died, his administrator instituted separate suit to enjoin the scire facias proceeding, on the ground that the judgment was void ab initio, because it was rendered at the appearance term of the court and the defendant was not afforded his day in court, and, if revived, the judgment would operate as a cloud on title. No demurrer was filed, but the answer set up that the plaintiff had a complete remedy at law. The hearing was had on the petition and answer, and certain evidence, whereby the case was presented as stated above. The judge dissolved the restraining order previously granted, and refused an ad interim injunction. The exception is to this judgment. *Held:*

1. The acknowledgment of service by the defendant entered after the ap-

pearance term is not to be construed as an acknowledgment that the petition and process had been legally served on the defendant the requisite time before the appearance term.

2. The judgment rendered at the next ensuing term after the acknowledgment was void. *Harrell* v. *Davis Wagon Co.*, 140 *Ga.* 127 (78 S. E. 713).

3. Being void, the judgment will not be revived under the Civil Code, § 5973 et seq.

4. Invalidity of the judgment could be set up by way of defense in the scire facias proceeding to revive the judgment (*Thomas* v. *Towns*, 66 *Ga.* 78), and there was no error in refusing the injunction.

*Judgment affirmed. All the Justices concur.*

OCTOBER 15, 1913.

Petition for injunction. Before Judge Meadow. Elbert superior court. August 31, 1912.

*G. C. Grogan,* for plaintiff. *Worley & Nall,* for defendant.