### 30035. HICKS v. HICKS.

DECIDED SEPTEMBER 16, 1943.

*Blackshear & Blackshear,* for plaintiff.

*C. C. Crockett,* for defendant.

BROYLES, C. J. The record shows the following facts: On April 20, 1938, Mrs. Alberta Kinard Hicks, the widow of Thomas Benjamin Hicks, made an application to the superior court of Laurens County for dower. On August 6, 1938, commissioners were appointed to enter upon certain lands "and to lay off and assign the dower to which the applicant is entitled by law in such lands." On January 2, 1941, the court passed the following order: "The above-stated case being called in its regular order, the same is hereby dismissed." On November 17, 1942, Mrs. Hicks filed an application for a reinstatement of her former application for dower. In the application for reinstatement she alleged "that although said application for dower was duly filed and the writ directed to five

freeholders duly issued, said freeholders failed to act promptly, and on January 2, 1941, the judge of Laurens superior court dismissed said petition [for dower], without notice to petitioner, or to any-one else. Laurens superior court was not in session on January 2, 1941, and there had been no previous assignment of said applica-tion for dower on said date, and said order of dismissal was there-fore void. Your petitioner shows that she was without fault or negligence in the premises in that she had done all that the law required her to do in order to obtain her dower rights in the estate of her husband, and that said application for dower was improvi-dently dismissed by the court, and said application should be re-instated and the order of dismissal rescinded. Petitioner shows that Henry Hicks is the administrator of the estate of Thos. B. Hicks and that said administration is still open." To the applica-tion for reinstatement, the administrator of Thos. B. Hicks filed the following objection: "The petition is insufficient in law in that it fails to show any reason for not having made this motion within the time provided by law." On December 17, 1942, the motion to reinstate the application for dower was denied by the court.

The written objection to the motion to reinstate was in the na-ture of a general demurrer, and therefore it should be treated as admitting the truth of all the facts set out in the motion. In *Lott v. Wood*, 135 *Ga.* 821, 823 (70 S. E. 621), the headnote reads as follows: "A judge of the superior court can not take a case out of term and set it for hearing and determination in vacation by mere oral announcement made in term; an order of court is necessary to give the judge jurisdiction to hear and determine a term pro-ceeding in vacation, except in the instances provided by the Code. The power conferred on the judge by the Civil Code (1910), §§ 4852, 4853, to hear and determine in vacation, as well as in term, motions, certioraries, and all matters which are not referred to a jury, is exercisable only in cases where ten days written notice has been served by the movant for a vacation hearing on the opposite party or his counsel. Without such notice, or order passed in term time, and in the absence of any waiver or estoppel, a vacation hear-ing is coram non judice, and the judgment rendered thereat is void, and may be attacked by affidavit of illegality filed to the levy of an execution based on such judgment." In the opinion the court said: "A judgment rendered by a court at a time and [or?] place not

authorized by the law is coram non judice and void [citing cases]." In *Watkins* v. *Brizendine,* 111 *Ga.* 458 (36 S. E. 807), cited by the defendant in error, the order of dismissal was not void, while it clearly appears that the order of dismissal in the instant case was void for the reason stated in the application for reinstatement. In our opinion the court erred in denying the motion to reinstate the application for dower.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*