## 31039. HICKS *v.* HICKS.

Decided March 15, 1946.

M. H. Blackshear, for plaintiff.
Nelson & Nelson, C. C. Crockett, J. D. Gardner, for defendant.

MacIntyre, J. T. B. Hicks died intestate on March 24, 1932, more than thirteen and one-half years ago. The plaintiff is his widow. On September 13, 1935, she filed an application for

dower. On this application dower was assigned to her in certain lands presumably belonging to the estate of her husband. On October 28, 1935, George T. Morris filed a traverse to the return of the commissioners, alleging that the decedent, T. B. Hicks, was not seized and possessed of the property so set apart by the commissioners at the time of his death; that T. B. Hicks on December 3, 1925, executed a security deed to Pinetukey Land Company, prior to his marriage with the applicant for dower to the land set apart by the commissioners; that the debt represented by the security deed was not paid at maturity, the deed was foreclosed, and the land was sold at public outcry and purchased by the objector, George T. Morris, on the first Tuesday in January, 1934; and that said land was, therefore, not subject to the widow's claim of dower. Objections were tried in Laurens superior court, and on January 28, 1935, a verdict was returned "in favor of the traverse of George T. Morris." Judgment was entered, decreeing title to the lands claimed by the objector, George T. Morris, and denying the widow any right of dower in said lands. Thereafter a bill of exceptions was taken to the Supreme Court, and on September 19, 1936, the judgment was affirmed. See *Hicks* v. *Morris,* 183 *Ga.* 116 (187 S. E. 639). On October 27, 1935, Henry Hicks, the administrator of T. B. Hicks, had also filed objections to the allowance of dower in any amount to the widow, alleging that she was not entitled to dower and that she had listed property out of which dower could not be assigned, such property being the land above mentioned, the title to which the court, as above stated had decreed was in George T. Morris. On April 20, 1938, the plaintiff widow presented to the court a new application for dower. She alleged that she had on the same day (April 20, 1938) served the administrator with notice of this application. The court did not act upon this new application until August 10, 1938, when the commissioners were appointed. Upon filing it was put on the motion docket of Laurens superior court. No writ was issued, and no action of any kind was taken thereon for more than 28 months, the application lying dormant until January 2, 1941.

On January 1, 1941, Judge Camp succeeded Judge Kent as judge of the superior court of Laurens County; and on January 2, 1941, Judge Camp, on his second day in office, was going through the docket handling matters that could be disposed of

without a jury. Though no jury was present, the court was in session on January 2, 1941. The judge, while on the bench and going through the docket, sounded all of the cases, or a large number of them, pending at that time. No order appears of record particularly assigning this case for that date. While the court was in session in term time and the judge was hearing and disposing of cases on the motion docket, this proceeding was called in its regular order and dismissed for want of prosecution on January 2, 1941. Nothing further was done until November 17, 1942, when the plaintiff filed her petition or motion to reinstate her dismissed second petition for dower. This motion to reinstate is in the record, and shows the grounds on which it was based. A rule nisi was issued and served on the defendant. He filed a written answer or response, contending that as a matter of law the petition or motion did not show sufficient grounds or reasons for reinstatement of the dismissed dower application. Upon a hearing, the motion was denied. Upon review, this court reversed the trial court's judgment on one point alone. The motion or petition to reinstate alleged that the order or judgment of dismissal of January 2, 1941, was rendered in vacation when "Laurens superior court was not in session . . and there had been no previous assignment of said application for dower on said date." This court treated the decision of the trial court as having been rendered on general demurrer, and held that under the allegations in the motion it was good as against general demurrer, because if the judgment of dismissal was actually rendered in vacation, as alleged, it was void. *Hicks* v. *Hicks*, 69 *Ga. App.* 870, 872 (27 S. E. 2d, 10). This court's judgment of reversal was rendered on September 16, 1943, and a judgment on the remittitur was taken in Laurens superior court on October 1, 1943, but still nothing was done toward a determination of the merits of the motion until May, 1945. Again on May 26, 1945, the petition for reinstatement was called up for a second hearing before Judge Camp. He held that the decision of the Court of Appeals, supra, had only passed upon and decided questions of law, and then called on the movant to support with evidence her petition to reinstate her application for dower. The defendant administrator then offered an amendment setting forth certain factual defenses, which was objected to by the petitioner on the

grounds that the amendment came too late; that the decision of the Court of Appeals had settled and fixed the law of the case; that there was nothing to amend by; and that the matters alleged in the amendment were not germane to the issue under consideration. The objections were overruled and the amendment allowed. The hearing proceeded with both oral and documentary evidence offered by both sides, and after hearing such evidence, the court refused to reinstate the case. We cannot say that the refusal to reinstate was error.

The evidence introduced on the hearing of the motion to reinstate the case, which had been dismissed for want of prosecution on January 2, 1941, authorized the judge to find that the "court was not in vacation, but legally in session in term time, on January 2, 1941, when the order and judgment of dismissal was granted. Therefore the provisions of Code, §§ 24-2618, 24-2619 did not apply in this case, and the court had jurisdiction and power to dispose of the dower application on that date without any previous notice or assignment." The notice to reinstate was made after the expiration of the term at which the order of dismissal was entered, to wit, on November 7, 1942. Relative to the excuse for such delay, the plaintiff in error testified in part: "I fixed these papers myself. I didn't have the money to employ a lawyer, and I tried to represent myself, and I fixed these papers at home. . . I was never represented by counsel in this case before I employed you [Mr. Blackshear]. I was not represented by counsel from the time of the filing of the application up until the time I employed you [which was after the dismissal of the case]. As soon as notice was brought to my attention that the case had been dismissed, I undertook to have it reinstated." On cross-examination the plaintiff in error testified in part: "I said that I prepared these papers myself. I didn't have the money to employ counsel, and I prepared the papers myself to the best of my knowledge. . . I was a non-resident of Laurens County at the time I filed these papers. From the time I filed these papers until the time the court dismissed them I didn't do anything. I didn't know how. I was trying to represent myself. The petition was pending here from August 10, 1938, until January 2, 1941 [the date the case was dismissed for want of prosecution], and I never made any appearance in court during those two and a half

years, until Mr. Blackshear took up the case. [Mr. Blackshear was employed after the dismissal of the case.] . . I don't know whether or not Mr. Blackshear immediately filed this application to reinstate the case. . . Mr. Blackshear filed this paper [the application] on November 7, 1942. He was employed at this time. I knew at that time that the petition had been dismissed. . . The reason I employed counsel was because I didn't know how to prosecute the dower application."

It seems to us that the court was authorized to find that there was a lack of diligence on the part of Mrs. Hicks, and applying the rule quoted in *Watkins* v. *Brizendine,* 111 *Ga.* 458 (36 S. E. 807), which was also a motion to reinstate in a dower case—that " 'A motion to reinstate a case, made at a term subsequent to that at which the judgment of dismissal was had, stands on the footing of a motion for a new trial, and requires the same excuse for a delay as is required in motions for new trials after the term has passed' "—we cannot say that the judge erred in refusing to reinstate the case.

There being a dissent in the division of this court to which this case was originally assigned, the case was considered and decided by the court as a whole, pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed. Broyles, C. J., and Parker, J., concur. Sutton, P. J., concurs specially. Felton and Gardner, JJ., dissent.*

SUTTON, P. J. concurring specially. I concur in the judgment of affirmance. The motion to reinstate the case was not made at the term when the application for dower was dismissed, but was made 28 months later, after 8 terms of the court had intervened, and no sufficient reason was shown for the delay in making the motion to reinstate. In these circumstances, the court did not err in refusing to reinstate the application for dower. See Code, § 70-303; *Austin* v. *Markham,* 44 *Ga.* 161; *Watkins* v. *Brizendine,* 111 *Ga.* 458 (supra); *McCandless* v. *Conley,* 115 *Ga.* 48, 51 (41 S. E. 256); *Arnold* v. *Kendrick,* 50 *Ga.* 293 (3); *Miraglia* v. *Bryson,* 152 *Ga.* 828 (111 S. E. 655).

FELTON, J. dissenting. It appears in the report of the decision in this case when it was here before that the objection to the petition to reinstate it was as follows: "The petition is insufficient in law, in that it fails to show any reason for not having made

this motion within the time provided by law." *Hicks* v. *Hicks,* supra. In reversing the case this court did not consider or pass upon this objection, but reversed the case for another reason. This reversal had one of two effects: (1) It either held by implication that the objection above quoted was without merit; or (2) it failed to consider and pass upon the question at all, in which latter event the question raised by said quoted objection would still have been open for decision when the case went back to the lower court.

My view is simply this: On the motion to reinstate there was only one question for consideration, and that was whether the judge had a right to dismiss the application for dower for want of prosecution without notice to the applicant. Since the quoted objection to the application was not urged at the second hearing, it was waived if this court did not pass on it, and as stated, left as the only question to be decided—the question of dismissal without notice. I am of the opinion that a trial judge can not pick up the court at the tail end of a term, without a jury, and without notice to interested parties and dismiss a case for want of prosecution. If it be presumed that the judge in this case notified all of the attorneys who had cases pending in his court, he nevertheless did not notify the applicant for dower, who was at that time not represented by an attorney at law. If she had had an attorney and the judge had dismissed the case without notice to him, I think the dismissal would have been void. The same reasoning applies to the failure to notify the applicant in person or by mail or in some other effective way. I think that this court has injected into the case issues which are entirely foreign to it. I do not think that the merits of the application to reinstate were at issue on the hearing of the motion to reinstate, and therefore they are not in issue here. I think that the same rule as to notice prior to dismissal for want of prosecution, which applies in equity, will apply in law, and as I understand the Georgia rule, it is that there can be no proper dismissal for want of prosecution without notice to the plaintiff or similar party. *Hoxey* v. *Carey,* 12 *Ga.* 534 (6); Code, § 24-3341.

I am authorized to say that Gardner, J., concurs in the dissenting opinion.