### 33901. BALLENGER v. RANDALL.

DECIDED MARCH 7, 1952.

*Murphy & Murphy, William J. Wiggins,* for plaintiff in error.
*H. L. Murphy, D. B. Howe,* contra.

SUTTON, C. J. Joel O. Randall filed a suit against Foster S. Ballenger, on September 22, 1950, in the Superior Court of Haralson County, on a verified account, and service thereof was made on the defendant on September 23, 1950. No answer was filed, and the case was marked in default by the judge, on November 4, 1950, and, on December 8, 1950, a default judg-

ment was entered by the judge in favor of the plaintiff against the defendant for the amount sued for. All of these transactions took place during the July term, 1950, of said court. Execution was issued and levied, to which the defendant filed an affidavit of illegality, setting up the above-stated facts, and that all of said acts occurred during the July term, 1950, of said court; that judgment was entered before the first day of the January term, 1951, of said court, the term to which the case was returnable; and that the judgment was void and of no force and effect, for the reason that the court was without authority to render the judgment before the first day of the term of court to which the case was returnable.

The plaintiff made a motion to strike the affidavit of illegality on the ground that it failed to show as a matter of law that the judgment was void or that the court was without jurisdiction, and demurred to the affidavit of illegality on the ground that the allegations therein fail to show any cause or reason why the execution is proceeding illegally. The motion to strike and the demurrer were both sustained, the illegality was dismissed, and the defendant excepted.

Code § 81-111 as amended (Ga. L. 1946, p. 767) is as follows: "The day on which an original petition is deposited in the clerk's office shall be known as the return day of that petition. The day on which defensive pleadings shall be filed with respect to a petition shall be known as the appearance day of that case." Code § 110-401 as amended (Ga. L. 1946, p. 777) provides: "If any case is not answered on or before its appearance day, such case shall automatically become in default unless the time has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days after the appearance day, upon the payment of costs. If the case is still in default, the plaintiff, at any time on or after the first day of the term to which the case is returnable, shall be entitled to verdict and judgment by default as if every item and paragraph of the petition were supported by proper evidence, and his claim, allegation or demand may at any time thereafter be tried without the intervention of a jury unless the suit is one for unliquidated damages, whether ex contractu or ex delicto, in either of which events the plaintiff shall be required to introduce

evidence and establish the amount of damages before a jury, and the defendant may contest the amount of such damages before a jury, with the right to move for a new trial in, respect to such damages, and also to except as in other cases. Such trial may in any case be held at any time on or after the first day of such term." Code § 110-406 as amended (Ga. L. 1946, p. 779) provides: "The court, at the term at which the case is returnable, shall render judgment without the verdict of a jury in all civil cases founded on unconditional contracts in writing where an issuable defense is not filed under oath or affirmation on or before the appearance day as to such case, and where the case is still in default."

The term of court to which a case is returnable, under the new rules of procedure, pleading and practice, adopted in 1946 (Ga. L. 1946, pp. 761 et seq.), is defined in Code (Ann. Supp.) § 81-201 (Ga. L. 1946, p. 768), which is as follows: "The clerk shall annex to every petition a process (unless the same shall be waived), signed by the clerk or his deputy, and bearing teste in the name of a judge of the court, and directed to the sheriff or his deputy, requiring the defendant or defendants to answer the petition within thirty days after the service of the petition and process. If the period of time between the appearance day of a case and the day on which the next regular term of court is scheduled by law to begin is 30 days or more, the same shall be deemed to be returnable to that term. If the period of time between the appearance day of a case and the day on which the next regular term of court is scheduled by law to begin is less than 30 days, the case shall be deemed to be returnable to the next regular term of court thereafter. No petition shall abate for lack of service until so ordered by the court in which it was filed."

This case was filed and served during the July term, 1950, of Haralson Superior Court at a time fixing the appearance day more than 30 days before the next regular term of said court, which convened on the third Monday in January, 1951; and, under the provisions of the statute next above quoted, the case was returnable to the January term, 1951, of said court. The case was in default, and, under the provisions of Code § 110-401 (supra), the plaintiff, at any time on or after the first day of the January term, 1951, of said court, would have been entitled to

a verdict and judgment by default against the defendant on the account sued on. But a valid judgment could not be rendered in this case during the July term, 1950, of said court, the term at which the suit was filed. Consequently, the judgment rendered in this case on December 8, 1950, during said July term of court, was not authorized by law and is void. *Hicks* v. *Hicks,* 69 *Ga. App.* 870 (27 S. E. 2d, 10); *Harrell* v. *Davis Wagon Co.,* 140 *Ga.* 127 (78 S. E. 713); *Bell* v. *Verdel,* 140 *Ga.* 768 (79 S. E. 849); *Kantzipper* v. *Kantzipper,* 179 *Ga.* 850 (177 S. E. 679).

The judgment being void, the illegality was a proper remedy to resist the enforcement of the execution issued thereon. *Harrell* v. *Davis Wagon Co.,* 140 *Ga.* 127 (supra). It follows that the court erred in sustaining the motion to strike and the demurrer to the affidavit of illegality and in dismissing the illegality.

*Judgment reversed. Felton and Worrill, JJ., concur.*