19639.   BUCHANAN *et al. v.* TREADWELL *et al.*

HAWKINS, Justice.  On September 22, 1956, a petition designated as an "equitable motion," was filed in Carroll Superior Court, seeking to set aside a default judgment entered in a proceeding to have the judgment of an Alabama court made the judgment of the Georgia court.  Petitioners allege "that the records show that this suit was served by leaving copies at our most notorious place of abode; if so, they were not brought to our attention until too late to file answers [and] for that reason no answers were filed, and a default judgment was taken August 3, 1956."  *Held:*

1. While, under Code § 110-401 as amended by the act of 1946 (Ga. L. 1946, pp. 761, 777), and by the act of 1952 (Ga. L. 1952, p. 195), a judgment could not be entered in a case which was still in default after the expiration of the 15 days during which the party might open the default as a matter of right until on or after the first day of the term to which the case is returnable as provided under Code (Ann.) § 81-201 (*Ballenger* v. *Randall*, 85 *Ga. App.* 561, 69 S. E. 2d 778), since the rendition of that decision, and by the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 451), Code § 110-401 as it then existed was expressly repealed, and the present Code (Ann. Supp.) § 110-401 was enacted in lieu thereof, and now provides that, "If any case is not answered on or before its appearance day [which is fixed by Code, Ann., § 81-201 as 30 days after the service of the petition and process], such case

shall automatically become in default unless the time has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days after the appearance day, upon the payment of costs. If the case is still in default after the expiration of such period of 15 days, the plaintiff, *at any time thereafter* shall be entitled to verdict and judgment by default as if every item and paragraph of the petition were supported by proper evidence," unless the suit is one for unliquidated damages, and need not wait until on and after the first day of the term to which the case is made returnable to take such default judgment. See also Code (Ann. Supp.) § 110-406.

2. "Service of process by leaving a copy at the most notorious place of abode of the defendant is good, though at the time he may be absent, and . . . he may have no actual notice until after judgment. A judgment so rendered cannot be set aside by bill in equity on the ground of want of proper service." *Lucas* v. *Wilson,* 67 *Ga.* 356 (1). See also *Burbage* v. *American Nat. Bank,* 95 *Ga.* 503 (20 S. E. 240) ; *Moye* v. *Walker,* 96 *Ga.* 769 (22 S. E. 276).

3. While petitioners, in seeking to have the default judgment set aside, allege that they had a meritorious defense, which is set forth, they give no legal excuse for their non-appearance. "When a party has been afforded an opportunity to be heard, the court can not suspend or vacate its judgment merely to let in a defense which should have been offered before the judgment was entered." *Hurt Building* v. *Atlanta Trust Co.,* 181 *Ga.* 274, 283 (182 S. E. 187).

4. Where the defendants filed what is termed an "equitable motion" under Code § 110-709, to set aside a default judgment against them in Carroll Superior Court for $494.11, plus $19.20 costs, based upon the judgment rendered against them for like amounts by the Circuit Court of Cleburne County, Alabama, which judgment of the Alabama court is alleged to be void for want of jurisdiction of the defendants and of the subject matter, but which motion alleges that the records show that service of the petition upon which such default judgment in Carroll Superior Court was obtained was made upon them by leaving it at their "most notorious place of abode, [but] if so, they were not brought to our attention until too late to file answers"—the motion fails to state any valid ground for setting

aside such default judgment, since such matters, which were known to the defendants, should have been set up as matters of defense to the action. *Cauthen* v. *Barnesville Savings Bank*, 68 *Ga*. 287 (2).

5. The trial did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

Submitted March 11, 1957—Decided April 8, 1957.

*John M. Morrow*, for plaintiffs in error.
*A. B. Parker, A. W. Gilbert, Gilbert & Head*, contra.